UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In Re TERRI L. STEFFEN,

          Plaintiff,

vs.                                     Case No. 8:04-cv-1693-T-24MSS

AKERMAN SENTERFITT, & EIDSON, P.A.,
a Florida Professional Association, and
MICHAEL I. GOLDBERG,

          Defendants.
_____/

## ORDER

This cause comes on for consideration upon the filing of Defendants' Motion to Compel Plaintiff's Production of Documents and Answers to Interrogatories (Dkt. 24), Defendants' Motion for Leave to Reply to Plaintiff's Memorandum in Opposition to Defendants' Motion to Compel (Dkt. 28) and Defendants' Motion for Expedited Consideration of Defendants' Motion to Compel (Dkt. 31).

Both Defendants' Motion for Leave to Reply to Plaintiff's Memorandum with attached Reply and Plaintiff's Opposition to Defendants' Motion contain information relevant to the Court's resolution of the issues presented. Accordingly, Defendants' Motion for Leave to Reply to Plaintiff's Memorandum in Opposition (Dkt. 28) is **GRANTED**.

I.      Background Facts

This case involves a claim of legal malpractice[1]. Plaintiff claims that she lost more than one-half of the property she owned as a result of Defendants' alleged negligence in their legal representation of her. Specifically, Plaintiff alleges that she hired Defendants to represent her in a case pending in the United States District Court for the District of Columbia ("D.C. Court"). In that case, the D.C. Court granted the Securities and Exchange Commission ("SEC") a temporary restraining order ("TRO") against Plaintiff in order to satisfy a civil disgorgement judgment against Paul Bilzerian. The TRO effectively froze the bank accounts of Plaintiff as well as a partnership, corporation and private charitable foundation (the "Steffen entities") that Plaintiff beneficially owned and controlled. Plaintiff alleges that she hired Defendants to "take the necessary steps to ensure that her assets and the Steffen Entities' assets were unfrozen." (Dkt. 9-13). Plaintiff alleges that Defendants failed to consult with Plaintiff before stipulating to an Order extending the TRO indefinitely. Plaintiff further alleges that Defendants failed to visit Plaintiff to review documents that the D.C. Court ordered Plaintiff to produce to the Receiver in the D.C. case. Plaintiff alleges that Defendants filed a Motion to Withdraw after less than one month of representation. Plaintiff alleges that she subsequently filed for Bankruptcy and entered into a settlement agreement that resolved the SEC's and the Receiver's claims against her and the Steffen entities. The settlement agreement required Plaintiff to transfer more than one-half of her property to the Receiver.

---

[1] Plaintiff originally filed her Complaint as an adversary proceeding in Bankruptcy Court. The District Judge granted Defendants' Motion to Withdraw the Reference from the Bankruptcy Court and ordered the Bankruptcy Court to forward all pleadings in the adversary case to this Court. (Dkt. 8).

II.     Analysis

Here, Defendants seek an Order compelling Plaintiff to respond to interrogatories and requests for documents which Defendants assert are relevant to Plaintiff's claim of legal malpractice and claim for damages. Defendants state that they agreed to set Plaintiff's deposition for April 15, 2005, despite her failure to provide adequate responses to Defendants' discovery requests. Defendants further state, in their Motion for Expedited Consideration, that they adjourned Plaintiff's April 15, 2005, deposition and reserved the right to re-examine Plaintiff in the event that the Court granted Defendants' Motion to Compel. Accordingly, Defendants request that the Court grant Defendants leave to complete Plaintiff's deposition examination after the June 22, 2005, discovery deadline.

A.     Interrogatories:

Defendants seek an order compelling Plaintiff to respond to certain interrogatories propounded by Defendants. Defendants argue that the Court should compel Plaintiff to answer interrogatories numbered 2, 3, and 5. Plaintiff's only asserted objection to each of these interrogatories is that they contain "several different complex questions." Plaintiff stated in her objections that she would respond to the interrogatories if broken down. Defendants argue that the sub-parts do not constitute discrete interrogatories. Defendants argue that even if Plaintiff's contention that the interrogatory sub-parts are actually separate interrogatories is correct, Defendants' interrogatories are still within the 25 interrogatory limit. Plaintiff responds that the Court should nevertheless resolve the dispute over whether the sub-parts are separate interrogatories, in the interest of judicial economy, since there are additional discovery issues currently pending before the Court.

3

Even if the Court were to concur with Plaintiff's interpretation of the number of interrogatories, the interrogatories still do not exceed the 25 interrogatory limit. The Court notes, however, that Plaintiff asserts that Defendants have served additional interrogatories. (See Dkt. 30). Although Plaintiff does not state whether she has responded to these additional interrogatories, the Court will clarify which of the interrogatories, numbered 2, 3, and 5, it considers to constitute more than one interrogatory in the interest of judicial economy.

Local Rule 3.03(a) provides that no party shall serve in excess of 25 written interrogatories pursuant to Fed. R. Civ. P. 33, unless otherwise permitted by the Court. Fed. R. Civ. P. 33(a) provides that any party may serve upon any other party written interrogatories, not exceeding 25 in number, *including all discrete sub-parts*. (emphasis added). Further, parties cannot evade the imposed limitation by attempting to join as sub-parts questions that seek information about discrete separate subjects. Fed. R. Civ. P. 33(a) advisory committee's notes (1993 amendments). When determining whether an interrogatory contains discrete sub-parts, the Court inquires as to whether the interrogatory concerns a "common theme" or asks about discrete topic areas. See e.g. Border Collie Rescue, Inc. v. Ryan, 2005 WL 662724, at *1 (M.D. Fla. March 15, 2005).

Accordingly, The Court considers interrogatory number 2 to constitute two separate interrogatories. Interrogatory number 2 requests information regarding (1) the actual acts or omissions of Defendants claimed by Plaintiff and Plaintiff's proposed correct course of conduct on the one hand, and (2) the damages resulting from such acts or omissions on the other hand. The Court considers interrogatory number 3 to constitute one interrogatory regarding detailed inquiries about one topic, Plaintiff's alleged damages. The Court considers interrogatory number 5 to

constitute seven separate interrogatories. Each separate interrogatory requests the identity of persons knowledgeable about the seven distinct topics and events lettered (a)-(g).

Although interrogatories numbered 2, 3 and 5 have been deemed by the Court to constitute a total of ten interrogatories, Plaintiff is **ORDERED** to respond to interrogatories numbered 2, 3, and 5 within ten (10) days of the date of this Order, as Defendants' First Set of Interrogatories still only consists of fifteen interrogatories.

Defendants further argue that Plaintiff failed to include the subject matter of each witness' knowledge in Plaintiff's response to interrogatory number 4. Plaintiff does not specifically respond to this argument. Interrogatory number 4 clearly requests information that Plaintiff neither objected to nor provided. the subject matter of each witness' knowledge. Accordingly, Plaintiff is **ORDERED** to amend her response to interrogatory number 4 to include the subject matter of knowledge for the listed witnesses within ten (10) days of the date of this Order.

### B.     Request for Documents:

Defendants also seek an Order compelling Plaintiff to provide documents in response to Defendants' First Request for Production to Plaintiff, numbers 1, 2, 6, 10, and 18 and Defendants' Second Amended Notice of Deposition Duces Tecum, number 2. Defendants state that Plaintiff has only produced fifty documents in response to Defendants' discovery requests thus far. Plaintiff responds that over eight thousand documents were produced by both sides as part of their initial disclosures. Plaintiff further states that the FBI seized over 100,000 pages of documents from Plaintiff on June 9, 2001, pursuant to a search warrant issued by this Court and that the FBI returned four boxes of documents subsequent to the filing of Defendants' Motion to Compel. Defendants reply that only two hundred of the eight thousand documents were produced by Plaintiff.

Defendants' Request for Production, number 1, asks for Plaintiff's "Federal Income Tax Returns and W-2 forms for the past five years." Plaintiff objected to this Request on the ground that it is "over broad, not intended to lead to relevant evidence, burdensome and harassing." Defendants' Deposition Duces Tecum Notice, request number 2, asks for Plaintiff's "tax returns, financial statements, accounting records and/or bank statements" for the time period of 2000 to the present for Plaintiff as well as for the Steffen entities. Plaintiff objected to this request on the ground that it is "not relevant to the claim or defense of any party nor are they reasonably calculated to lead to the discovery of admissible evidence. This request is also overbroad and burdensome." Defendants argue that these financial documents are directly relevant to Plaintiff's claim of damages and Defendants' defense that Plaintiff has overstated her damages. With respect to Plaintiff's income tax returns, Plaintiff argues that she has not claimed any loss of income but only a loss of assets and, therefore, the tax returns are irrelevant. Plaintiff does not specifically address Defendants' Deposition Duces Tecum Notice, request number 2, in her response. Rather, in arguing that her tax returns are not relevant, Plaintiff states that the information contained therein can be obtained from other sources including her bank account statements. Plaintiff does not specifically address the remaining financial documents.

With respect to the discovery of Federal Income Tax Returns, district courts within the Eleventh Circuit have followed two different approaches regarding production, the basic relevancy approach and the heightened approach. See Shearson Lehman Hutton, Inc. v. Lambros, 135 F.R.D. 195, 198 (M.D. Fla. 1990)(stating that the "quasi-privilege for tax returns has not been expressly recognized within this Circuit" and ordering the production of the defendants' tax returns on relevancy grounds); MCI Worldcom Network Services, Inc. v. Von Behren Electric, Inc., 2002 WL

32166535, at *4 (N.D. Ga. May 21, 2002)(compelling the production of the defendants' tax records on relevancy grounds); but see Dunkin' Donuts, Inc. v. Mary's Donuts, Inc., 2001 WL 34079319, at *1 (S.D. Fla. 2001)(stating that a public policy exists against the required disclosure of tax returns unless the documents are clearly relevant and a compelling need for the tax returns is shown because the information is not otherwise available). Neither party has cited to, and this Court has not found, an Eleventh Circuit case discussing the approach used to rule on the production of income tax returns. This Court elects to follow the basic relevancy approach used in Shearson Lehman Hutton, Inc. v. Lambros, 135 F.R.D. at 198.

Fed. R. Civ. P. 26(b)(1) provides that parties may obtain, "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." The party resisting discovery has the burden to show that the requested discovery is not relevant and that the production of such discovery would be unduly burdensome. Gober v. City of Leesburg, 197 F.R.D. 519, 521 (M.D. Fla. 2000).

Essential to this case is the calculation of the worth of Plaintiff's ownership rights at the time of her settlement agreement, specifically on December 19, 2003. While Plaintiff argues that she has not placed her *income* at issue, but only the value of her *assets*, Plaintiff listed "[l]oss of income and investments" in the amount of $50,000,000 as a portion of her claimed $115,000,000 damages in her Rule 26 Initial Disclosures. (See Dkt. 28-3). Presumably, information relevant to this loss of income would be reflected in Plaintiff's tax returns. The damages sought by Plaintiff in this case are substantial and Defendants are entitled to discover information relevant to their computation. As Plaintiff has failed to meet her burden of establishing the irrelevance of her tax returns or the burdensome nature of such request, Plaintiff shall provide her tax returns and accompanying W-2s

and the Steffen entities' tax returns for the past five years to Defendants within ten (10) days of the date of this Order. The Court takes notice of the confidential nature of an individual's tax returns. Accordingly, said tax returns shall be produced under a strict understanding of confidentiality. Defendants shall not disclose these tax returns to any persons other than counsel, their legal assistants and staff, and expert witnesses. Said tax returns shall be used solely for the purposes of this litigation.

With respect to the remaining documents requested by Defendants in their Deposition Duces Tecum Notice, request number 2, ie. Plaintiff's financial statements, accounting records and/or bank statements. Plaintiff did not attempt to make any argument supporting her original position that the request for these documents was not relevant to the claim or defense of any party or reasonably calculated to lead to the discovery of admissible evidence. Nor did Plaintiff attempt to make any argument regarding her position that the request was overbroad and burdensome, other than Plaintiff's arguments with respect to her tax returns. In fact, Plaintiff argued that her tax returns are not discoverable because the information contained therein is available from other sources, including Plaintiff's bank account records.

The Court finds that these document, financial statements, accounting records and/or bank statements from the years 2001-2004, are relevant to Plaintiff's claimed damages and should be produced. Accordingly, Plaintiff shall produce to Defendants the requested financial statements, accounting records and/or bank statements from the years 2001-2004 within ten (10) days from the date of this Order.

Request number 2 asks for files pertaining to the underlying legal proceedings, Defendants' representation of Plaintiff or the events alleged in the Amended Complaint. Request number 6 asks

for Plaintiff's complete files relating to the SEC case. Defendants seek an order compelling Plaintiff to produce all responsive documents or, in the alternative, to state that the fifty documents produced by Plaintiff thus far in response to the Request are the only responsive documents in Plaintiff's possession. Defendants argue that the production of all documents in Plaintiff's possession is relevant to the issue of whether or not Plaintiff received certain court documents from Defendants. Plaintiff states that she has produced all documents in her possession regarding Defendants' representation of Plaintiff and the events contained in the Amended Complaint. Plaintiff states that she has not produced all of the documents from the underlying SEC case because she did not become involved until twelve years into the case when her assets were frozen; Defendants already have the complete file from the underlying case; and, Defendants produced these exact records as part of their initial disclosures. Further, Plaintiff notes that Defendants continued to represent one of the Steffen entities until Final Judgment was entered in the case. Plaintiff argues that it would be a waste of time for her to produce the exact same documents back to Defendants.

Pursuant to Rule 26(b)(1), the Court finds that the possession or lack of possession of court documents by Plaintiff is relevant to Plaintiff's claim of legal malpractice and may lead to the discovery of admissible evidence. Plaintiff has failed to establish that such a request is overly burdensome. Accordingly, Plaintiff shall either produce all documents from the underlying legal proceeding that were in her possession and control prior to Defendants' production of said documents in this case or, in the alternative, provide Defendants with a detailed statement under oath listing each of the bates numbered documents from the underlying legal proceeding produced by Defendants to Plaintiff in this case that Plaintiff already had in her possession.

Request number 18 asks for documents reflecting daily activities for the calendar years 2001, 2002 and 2003. Defendants argue that these documents are directly relevant to Plaintiff's claim of malpractice in that they may reflect meetings or communications between Plaintiff and Defendants. Defendants argue that the time frame is not overly broad in that Plaintiff's dispute with the Receiver lasted from December 2000 until the end of 2001 and that Plaintiff filed this lawsuit in December 2003. Defendants seek an order compelling Plaintiff to respond to this request or to state that no such documents exist. Plaintiff responds only that she has produced all documents related to the SEC case.

Pursuant to Rule 26(b)(1), the Court finds that any documents reflecting Plaintiff's daily activities for the calendar years 2001-2003 are relevant to Plaintiff's claims that Defendants' committed malpractice in 2001 and that this malpractice caused her to transfer one-half of her ownership interests in 2003. Accordingly, Plaintiff shall produce to Defendants documents reflecting daily activities for the calendar years 2001, 2002 and 2003 within ten (10) days from the date of this Order.

Defendants argue that Plaintiff's responses to several Requests are evasive because they are made "subject to the general objections." Defendants seek a response that clarifies whether Plaintiff is withholding any documents based on these "general objections." Plaintiff responds that this objection is frivolous because she has "already produced all the documents she had in her possession that were responsive to those requests that were not already in the possession of Defendants." (See Dkt. 27). Based on Plaintiff's representation that no documents were withheld on this basis, the Court deems Defendants arguments with respect to this matter moot.

The Court acknowledges Defendants' request for fees and costs associated with the filing of their Motion. The Court also notes that Defendants have filed a Second and Third Motion to Compel. Accordingly, the Court will address the issue of sanctions when it addresses the additional Motions to Compel.

Finally, in light of the above rulings, Defendants' request for an extension of the discovery deadline is **GRANTED**. Discovery is re-opened until August 31, 2005, for the sole purpose of re-opening Plaintiff's deposition and allowing the remaining discovery to be produced on the deadlines provided herein. Questioning at the deposition shall be limited to issues regarding the responses and documents provided by Plaintiff as a result of this Order.

Accordingly, it is **ORDERED** that

(1) Defendants' Motion for Leave to Reply to Plaintiff's Memorandum in Opposition (Dkt. 28) is **GRANTED**;

(2) Defendants' Motion to Compel Plaintiff's Production of Documents and Answers to Interrogatories (Dkt. 24) is **GRANTED IN PART** as follows:

    a. Plaintiff is **ORDERED** to respond to interrogatories numbered 2, 3, and 5 within ten (10) days of the date of this Order. Plaintiff is **ORDERED** to amend her response to interrogatory number 4 to include the subject matter of knowledge for the listed witnesses within ten (10) days of the date of this Order;

    b. Plaintiff shall provide tax returns and accompanying W-2s for the past five years to Defendants within ten (10) days of the date of this Order. Said tax

returns shall be produced under an Order of confidentiality as explained above;

c. Plaintiff shall produce to Defendants financial statements, accounting records and/or bank statements from the years 2001-2004 within ten (10) days from the date of this Order;

d. Plaintiff shall either produce all documents from the underlying legal proceeding that were in her possession and control prior to Defendants' production of said documents in this case or, in the alternative, provide Defendants with a sworn statement listing each of the bates numbered documents from the underlying legal proceeding produced by Defendants to Plaintiff in this case that Plaintiff already had in her possession. Plaintiff shall do so within fifteen (15) days of the date of this Order;

e. Plaintiff shall produce to Defendants documents reflecting daily activities for the calendar years 2001, 2002 and 2003 within ten (10) days from the date of this Order;

(3) Defendants' Motion for Expedited Consideration of Defendants' Motion to Compel (Dkt. 31) is **DENIED AS MOOT**. The discovery deadline is extended until August

31, 2005, for the sole purpose of re-opening Plaintiff's deposition. Questioning at the deposition shall be limited to issues regarding the responses and documents provided by Plaintiff as a result of this Order.

**DONE AND ORDERED** in Tampa, Florida on this 21st day of July, 2005.

_____
MARY S. SCRIVEN
United States Magistrate Judge

Copies to:

Counsel of Record

13