U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRI L. STEFFEN,

    Plaintiff,

vs.

                                    Case No. 8:04-CV-1693-T-24MSS

AKERMAN, SENTERFITT & EIDSON, P.A.
a Florida professional association, and
MICHAEL I. GOLDBERG,

    Defendants.
_____/

**AFFIDAVIT OF ERIK R. MATHENEY**

STATE OF FLORIDA

COUNTY OF HILLSBOROUGH

    The following affidavit of Erik R. Matheney, Esq., is based on personal knowledge and submitted under penalty of perjury.

    1.    My name is Erik R. Matheney. I served as counsel for the Defendants, AKERMAN, SENTERFITT & EIDSON, P.A. and MICHAEL I. GOLDBERG (collectively "Akerman"), shortly after our law firm was engaged to handle the defense of the claims brought by Plaintiff, TERRI L. STEFFEN ("Steffen") in the above-styled litigation. I have been a member of the Florida Bar for twelve (12) years. I am admitted to practice and am in good standing in the federal district court for the Middle District of Florida, as well as the Northern and Southern Districts of Florida, the Eleventh Circuit Court of Appeals and the United States Supreme Court.

2. I practice in the area of complex commercial litigation, including the defense of professional liability claims. I am AV rated by Martindale Hubbell.

3. In the above-styled case, Steffen filed suit against the Defendants alleging that Akerman committed legal malpractice which caused her $115 million in damages. The underlying facts surrounding Steffen's complaint stem from a 1989 case initiated by the Securities and Exchange Commission ("SEC") against Steffen's husband, Paul Bilzerian, wherein the United States District Court for the District of Columbia ("D.C. Court") eventually ordered Bilzerian to disgorge over $62 million in ill-gotten gains. In August 2000, the D.C. Court found Bilzerian in contempt of its $62 million disgorgement order and said that Bilzerian had transferred his substantial assets into a complex ownership structure of off-shore trusts and family-owned companies and partnerships ("The Entities"), several of which Steffen claimed to beneficially own. The D.C. Court appointed a Receiver in December 2000 for the purpose of identifying, marshalling, receiving, and liquidating Bilzerian's assets in satisfaction of the disgorgement judgment. The Receiver sought information from Steffen and the Entities, which ultimately led Steffen and the Entities to hire the Defendants.

4. Given the nature of Steffen's allegations, the historical backdrop, and the enormity of her claim of damages, Hill, Ward & Henderson, P.A. had to become familiar with the proceedings in the D.C. Court, as well as bankruptcy proceeding filed by Steffen. Throughout the defense of this case, attorneys and legal assistants at Hill, Ward & Henderson, P.A. reviewed over 12,000 pages of documents from the D.C. Court proceeding,

Steffen's bankruptcy proceeding, documents produced by Steffen in discovery, and documents produced by Steffen's former bankruptcy and D.C. Court attorney, Harley Riedel.

5. Since the inception of Hill, Ward & Henderson, P.A.'s representation of Akerman, the following attorneys performed a majority of the work on this case: Erik R. Matheney, Mark J. Criser, and J. Scott Slater, all of whom are commercial litigators and Paige A. Greenlee who is primarily a bankruptcy attorney. Attorneys Matheney and Criser, in particular, were largely responsible for the representation of the Defendants and consulted with Benjamin H. Hill, III (as supervisory trial counsel) on a regular basis for direction and guidance. Additionally, Hill, Ward & Henderson, P.A.'s successful defense against Steffen's claims required the assistance of paralegals and a number of summer associates.

6. On July 7, 2005, Akerman served Steffen with an offer of judgment, which was rejected by Steffen. The time billed by attorneys and paralegals for Hill, Ward & Henderson, P.A. in defense of this lawsuit from July 7, 2005 through August 21, 2006 was 1,499.90 hours.[1] This total does not reflect the entire time spent by attorneys, summer associates and paralegals from Hill, Ward & Henderson, P.A. in defense of this lawsuit. In addition, Hill, Ward & Henderson, P.A. incurred $310,878.50 in attorneys' fees since July 7, 2005, relating to the defense of this matter in the trial courts, defense of this matter before the Eleventh Circuit Court of Appeals, and litigating Akerman's entitlement to attorneys' fees. Attached to this affidavit as <u>Exhibit A</u> is a chart listing the Hill, Ward & Henderson, P.A.

---

[1] The affiant notes that there is a scrivener's error in the Second Amended Motion for Attorneys' Fees. The Second Amended Motion for Attorneys' Fees mistakenly list the total time spent by Hill, Ward & Henderson, P.A.'s attorneys, summer associates, and paralegals as 1,318.2. The actual time spent, as reflected in Hill, Ward & Henderson, P.A.'s detailed billing statements (Dkt. 134), was 1,499.90 hours.

attorneys that worked on this matter, the hours billed by each attorney, their hourly rates, and the total fees incurred by each attorney.

7. The $310,878.50 in attorneys' fees requested by Akerman were incurred by Hill, Ward & Henderson, P.A. at the climax of this litigation and involved a substantial bulk of the work performed defending this matter. This contentious period included the close of discovery, the summary judgment stage, responding to Plaintiff's Motion to Amend Complaint, preparing for a potential trial, responding to Plaintiff's appeal to the Eleventh Circuit Court of Appeals, litigating Akerman's entitlement to fees, and other miscellaneous matters. A rough estimate of the time expended by Hill, Ward & Henderson, P.A. during the various stages of this case would be: 423.1 hours during the discovery stage; 247.5 hours during the summary judgment stage; 111.7 hours addressing Plaintiff's Motion to Amend Complaint; 217.7 hours preparing for a potential trial; 173.1 hours litigating the appeal; and 273.8 hours litigating Akerman's entitlement to fees.[2]

8. In addition to the above, Hill, Ward & Henderson, P.A.'s attorneys spent approximately 50.90 hours on miscellaneous matters related to the defense of this case. These miscellaneous matters included preparing for and attending mediation, as well as reviewing and evaluating documents regarding Steffen's bankruptcy proceeding.

---

[2] This affiant, through the assistance of paralegals, legal assistants, and other attorneys, has reviewed Hill, Ward & Henderson, P.A.'s billing records in an attempt to categorize fees by the various stages associated with defending this matter. Despite reviewing the billing records several times, there is a slight unexplained discrepancy in the categorized fees and the total fees incurred by Hill, Ward & Henderson, P.A. However, Hill, Ward & Henderson, P.A. has provided its detailed billing statements (Dkt. 134) which specify the work done on this matter by Hill, Ward & Henderson, P.A. The billing records indicate that Hill, Ward & Henderson, P.A.'s attorneys, summer associates, and paralegals spent 1499.9 hours and incurred $310,878.50 in fees from July 7, 2005 through August 21, 2006.

9.  Akerman has agreed to pay Hill, Ward & Henderson, P.A. fees in the amount of $310,878.50 for work done by attorneys, paralegals, and summer associates on this matter since July 7, 2005 through the August 21, 2006. Akerman is requesting $310,878.50 in fees, which represents the fees Akerman has agreed to pay Hill, Ward & Henderson, P.A. for their work defending the lawsuit from July 7, 2005 through August 21, 2006.

10. Under penalty of perjury, I swear or affirm that the foregoing statements are true and correct.

_____
Erik R. Matheney

Signed this *Three* day of *April*, 2007 in Tampa, Florida.

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

The foregoing instrument was acknowledged before me this 3rd day of *April*, 2007, by Erik R. Matheney, who is personally known to me or who has produced _____ as identification.

_____
NOTARY PUBLIC, STATE OF FLORIDA

My Commission Expires:

JENNIFER ROBERTS
NOTARY PUBLIC - STATE OF FLORIDA
COMMISSION # DD334306
EXPIRES 6/30/2008
BONDED THRU 1-888-NOTARY1