UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRI L. STEFFEN,

        Plaintiff,

v.                                         Case No. 8:04-cv-1693-T-24MSS

AKERMAN SENTERFITT, a Florida
professional association, and MICHAEL I.
GOLDBERG,

        Defendants.

_____/

**ORDER**

This cause comes before the Court for consideration of Defendants' Second Amended Motion for Attorneys' Fees (Doc. No. 133). Plaintiff filed a response in opposition thereto (Doc. No. 136).[1]

**I.    Background**[2]

On December 16, 2003, Plaintiff filed a complaint in the United States Bankruptcy Court for the Middle District of Florida (Doc. No. 9-1). On May 28, 2004, Plaintiff filed an amended complaint (Doc. No. 9-13). In the one-count amended complaint, Plaintiff asserted a claim for legal malpractice against Defendants arising out of the period of time when Defendants

---

[1] Although Plaintiff's response was filed untimely, the Court considered it for purposes of this Order.

[2] The Court will not state the extensive procedural and factual background of this case here. Instead, the Court incorporates by reference the background as outlined in this Court's December 2, 2005 and March 20, 2007 Orders (Doc. Nos. 101 and 130).

represented Plaintiff in her efforts to unfreeze certain assets in the case of SEC v. Bilzerian, 127 F. Supp. 2d 232 (D.D.C. 2000).

On March 15, 2005, Defendants served Plaintiff with an offer of judgment in the amount of $10,000.00 pursuant to Florida Statute § 768.79 (Doc. No. 121, Exh. A). The March 15, 2005 offer of judgment did not apportion the offer between Defendant Akerman, Senterfitt & Edison, P.A. ("Akerman") and Defendant Michael I. Goldberg. On July 7, 2005, Defendants served Plaintiff with a second offer of judgment under Florida's Offer of Judgment Statute, Florida Statute § 768.79. Specifically, the July 7, 2005 offer of judgment was apportioned with $9,990.00 offered by Defendant Michael I. Goldberg and $10.00 offered by Defendant Akerman. Plaintiff did not accept the offer of judgment. Defendants filed a motion for summary judgment. On December 2, 2005, this Court granted Defendants' motion for summary judgment (Doc. No. 101) and the Clerk of the Court entered judgment in favor of Defendants (Doc. No. 102). On December 23, 2005, Plaintiff filed a Notice of Appeal as to the Court's Order granting summary for Defendants (Doc. No. 108). On June 27, 2006, the Eleventh Circuit affirmed this Court's Order granting summary judgment (Doc. No. 120).

Thereafter, Defendants sought their attorneys fees, including appellate fees (and fees incurred in litigating their entitlement to fees), pursuant to Florida Statute § 768.79 (Doc. No. 121). The Court granted Defendants' Amended Motion for Attorneys' Fees to the extent that the Court found that Defendants were entitled to reasonable attorneys' fees under § 768.79 from the date of the July 7, 2005 offer of judgment. The Court denied the motion without prejudice as to the amount of attorneys' fees to be awarded and directed Defendants to file a second amended motion for attorneys' fees that contained a detailed billing statement and documentation

regarding the reasonableness of the requested hours and billing rates (Doc. No. 130). In response, Defendants filed the instant motion with detailed billing records attached.

## II.     Motion for Attorneys' Fees

Defendants seek attorneys' fees in the amount of $310,878.50 pursuant to Florida's Offer of Judgment Statute, Florida Statute § 768.79, for work done between July 7, 2005 and August 21, 2006[3] plus interest accrued from March 20, 2007.[4] Defendants request attorneys' fees consisting of (1) $209,784.90 in fees for defense of this case before this Court; (2) $56,678.00 in fees relating to the litigation of entitlement to attorneys' fees; and (3) $44,415.60 in fees for the defense of this case before the Eleventh Circuit Court of Appeals (Doc. No. 133). Defendants acknowledge that fees incurred in litigating the amount of attorneys' fees are not recoverable. See McMahan v. Toto, 311 F.3d 1077, 1085-86 (11th Cir. 2002)(citing State Farm Fire & Cas. Co. v. Palma, 629 So. 2d 830, 833 (Fla. 1993)).

Defendants submitted over 120 pages of single spaced detailed billing statements in support of their motion. Defendants' requested fees are summarized in the following table (Doc. No. 135, Exh. A):

| Attorney/Paralegal | Total Hours | Billing Rate | Total Fees |
|---|---|---|---|
| B. Hill, III | 33.7 | $425.00/$450.00 | $14,417.00 |

---

[3]In its Second Amended Motion for Attorneys' Fees, Defendants state "[t]o allow the Court to more easily determine when [Defendants'] fees incurred for litigating entitlement to fees stopped, and when its fees incurred for litigating the amount of fees began, [Defendants have] calculated [their] recoverable attorneys' fees by including the fees incurred from July 7, 2005 to August 21, 2006, the date on which [Defendants] filed [their] Amended Motion for Attorneys' Fees" (Doc. No. 133, p. 4, n. 2).

[4]The date Defendants' entitlement to fees was determined (Doc. No. 130).

| E. Matheney | 594 | $235.00/$260.00 | $142,035.00 |
|---|---|---|---|
| M. Criser | 208.6 | $205.00/$225.00 | $43,307.00 |
| S. Slater | 316.7 | $150.00/$180.00 | $51,753.00 |
| P. Greenlee | 26.9 | $175.00/$190.00 | $4,155.00 |
| M. Borland | 82.7 | $295.00 | $24,396.50 |
| D. Luikart | 82.3 | $100.00/$160.00 | $11,290.00 |
| S. Harris | 46.6 | $150.00 | $6,990.00 |
| L. Tibbals | .5 | $220.00 | $110.00 |
| C. Garcia | 1.6 | $100.00 | $100.00 |
| J. Maddox | 18.5 | $95.00 | $1,757.50 |
| J. Murman | .4 | $105.00 | $42.00 |
| L. Harrod | 16.6 | $105.00 | $1,596.00 |
| M. Luke | 5.3 | $105.00 | $556.50 |
| J. Varner | 58 | $125.00 | $7,250.00 |
| J. Roberts | 7.5 | $75.00 | $562.50 |
| **TOTAL** | **1,499.90** | | **$310,878.50** |

Defendants argue that the amount of fees are reasonable in light of the complexity of the case, the amount of damages sought by Plaintiff, and the "extremely favorable" results obtained. In support of their Second Motion for Attorneys' Fees, and the reasonableness of those fees, Defendants submit the affidavits of attorneys Raymond T. Elligett, Jr. ("Elligett")(Doc. No. 131), William F. Jung ("Jung")(Doc. No. 132), and Erik R. Matheney ("Matheney")(Doc. No. 135). Plaintiff responds that Defendants fail to provide an adequate explanation of and necessary documentation to establish the hours expended were reasonable[5], and request a significant

---

[5]The Court notes that Plaintiff limits its response to the 1,042 hours Defendants' requested from the date of the July 7, 2005 offer of judgment through the date of final judgment

reduction in the fees to be awarded. Plaintiff submits the Affidavit of attorney H. Stratton Smith, III ('Smith") in support of her opposition to Defendants' Second Motion for Attorneys' Fees (Doc. No. 137).

### A. Reasonableness of Defendants' Requested Attorneys' Fees

In determining a reasonable fee, the Court starts with the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)[6]; see also Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). This may be referred to as the lodestar. See ACLU v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999); see also Florida Patient's Com. Fund v. Rowe, 472 So. 2d 1145, 1150 (Fla. 1985)(finding the federal lodestar approach a suitable foundation for computing reasonable attorneys' fees). "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman v. Hous. Auth. of the City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988)(citations omitted). The Court will first determine whether the hourly rates requested by

---

as originally summarized in the Affidavit of Benjamin H. Hill, Jr. (Doc. No. 105) and not the 1,499.90 requested in Defendants' Second Motion for Attorneys' Fees (Doc. Nos. 133 and 135, Exh. A).

[6]In Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), the court set out twelve factors to be considered in determining the reasonableness of fees: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. The lodestar as calculated in Hensley presumptively includes the Johnson factors, but they may be utilized in establishing a reasonable hourly rate. See Norman v. Hous. Auth. of Montogomery, 836 F.2d 1292, 1299 (11th Cir. 1988). The manner in which the Johnson factors influence an award of fees must be elucidated by the court. See In re Celotex Corp., 227 F.3d 1336, 1341 (11th Cir. 2000). Elligett addressed the Johnson factors in his affidavit and they were considered here by the Court.

Defendants are reasonable.

### i. Reasonable Hourly Rate

In this case, Defendants seek compensation for services calculated pursuant to the following hourly rate ranges: (1) $220.00 - $450.00 for shareholders B. Hill, III, E. Matheney, M. Borland, and L. Tibbals; (2) $150.00 - $225.00 for associate attorneys M. Criser, S. Slater, P. Greenlee, D. Luikart, and S. Harris; and (3) $75.00 - $125.00 for paralegals and law clerks D. Luikart, C. Garcia, J. Maddox, J. Murman, L. Harrod, M. Luke, J. Varner, and J. Roberts (Doc. Nos. 134 and 135, Exh. A). Plaintiff only specifically challenges B. Hill's rate of $425.00/$450.00 per hour (Doc. No. 137, Smith Aff., ¶6). Smith's affidavit states in relevant part:

> The current billing rates charged by the Defendants' attorneys for services rendered in this case, [sic] range from $425 per hour to $150 per hour. In addition, para-legal and law clerks were billed at fees ranging from $85 to $130 per hour. Within my personal knowledge and experience in the central Florida legal community, the present rates charged by other attorneys located in the Tampa, Florida [sic] for legal malpractice defense have not exceeded $300 per hour. $425/$450 per hour is excessive in a litigation matter and is not reasonable.

Defendants are "entitled to have their lawyers compensated at a reasonable hourly rate, which is 'the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Dillard v. City of Greensboro, 213 F.3d 1347, 1353 (11th Cir. 2000)(quoting Barnes, 168 F.3d at 436). A party seeking attorneys' fees bears the burden of producing satisfactory evidence that the requested rate is in line with the prevailing market rate for similar services. See Loranger, 10 F.3d at 781 (citing Norman, 836 F.2d at 1299). Here Defendants submitted the affidavits of Elligett and Jung as to the reasonableness of the hourly rates charged (Doc. Nos. 131 and 132). Both state that the rates

at which defense counsel and the paralegals were billed in this matter were at, or below, the customary rates of fees that would be charged for similar work in the Middle District and in Tampa.

The Court may use its discretion and expertise to determine the appropriate hourly rate. See Scelta v. Delicatessen Support Services, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002). Accordingly, the Court finds that the hourly rates charged by Defendants' counsel were reasonable, based on the prevailing market rates for attorneys and paralegals of similar experience in the greater Tampa Bay area and based on the complexity of the case.

### ii. Reasonable Hours

This complex legal malpractice lawsuit involved the claim by Plaintiff that Defendants' negligence caused her to turn over to the Securities and Exchange Commission more than one-half of her assets, which she later valued at $115 million (Doc. No. 9-13). Defendants contend that the number of hours counsel expended in defending this claim was reasonable since the time period at issue for purposes of their motion-- July 7, 2005 through August 21, 2006 - represents the climax of the litigation and covers the substantial bulk of work performed on behalf of Defendants. "Specifically, this thirteen-month period included the last few months of contentious discovery; the summary judgment stage; [Defendants'] opposition to a critical motion for leave to amend to join additional plaintiffs; preparations for an imminent, full-blown trial; an appeal before the Eleventh Circuit Court of Appeals; a battle over entitlement to attorneys' fees; and other miscellaneous matters; including a mediation."[7] Plaintiff responds that the billing

---

[7]According to the Affidavit of E. Matheney, the breakdown of hours is as follows: (1) approximately 423.1 on discovery matters; (2) approximately 247.5 hours on summary judgment; (3) approximately 111.70 hours defending against Plaintiff's motion to amend; (4) approximately 217.7 hours in trial preparation; (5) approximately 173.1 hours litigating the

statements filed in support of Defendants' Second Amended Motion for Attorneys' Fees impermissibly lump together several tasks in one billing entry. Plaintiff generally lists over seventy five examples of billing entries which she contends are improper but does not discuss any of the purported improper billing entries in detail (Doc. No. 136, pp. 2-3). Plaintiff also cites to an itemized list of billing entries that Smith determined were "unreasonable" (Doc. No. 137, Smith Aff., ¶8). Smith states in relevant part:

> I have reviewed the Defendant's detailed billing statement on a task by task basis and have attached an itemized list of entries that are unreasonable. Specifically, hours billed for the following: travel to depositions; excessive Westlaw/Lexis charges; clerical work; or vague entries as it cannot be determined what service was performed are not reasonable.

The Eleventh Circuit has stated that "the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . [a] well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." Norman, 836 F.2d at 1303. Furthermore, "[f]ee applicants must exercise . . . 'billing judgment'," which means that "they must exclude from their fee applications 'excessive, redundant, or otherwise unnecessary [hours].'" Barnes, 168 F.3d at 428 (citations omitted). Thus, fee applicants must exclude hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill or reputation or experience of counsel*." Norman, 836 F.2d at 1301 (emphasis in original). This means that "the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically be done." Id. at 1306. Exclusions for unnecessary or excessive time expended is left to the

---

appeal; (6) 273.80 hours litigating entitlement to attorneys' fees; and (7) approximately 50.90 hours on other miscellaneous matters (Doc. No. 135, ¶¶7-8).

discretion of the court.  See id. at 1301.

>Plaintiff's Objections

Plaintiff specifically objects to Defendants' seeking 273.8 hours in attorneys' fees for litigating their entitlement to attorneys' fees.  Smith states that a reasonable number of hours for litigating this issue would be in the range of 50 to 75 hours (Doc. No. 136, Smith Aff., ¶9). Plaintiff also contends that the 20 hours Defense counsel spent preparing for the deposition of Paul Bilzerian, the husband of Plaintiff, was unreasonable.  Additionally, Plaintiff challenges the reasonableness of 111.7 hours for "resisting" a motion for leave to amend.  Smith states that the number of hours reasonably needed to address this issue would be in the range of 50 hours (Doc. No. 137, Smith Aff., ¶10).  Lastly, Plaintiff challenges the reasonableness of expending 247.50 hours in preparing a motion for summary judgment.  Smith states that a reasonable number of hours to address this issue would be in the range of 100 to 150 hours (Doc. No. 137, ¶11).

Smith attaches to his Affidavit an itemized list of billing entries that he believes are unreasonable.  The Court notes that these entries total approximately $16,490.00.  Of these entries, only $10,684.00[8] are at issue here since Defendants are not seeking costs.  Smith's reason for believing that most of these fees should be disallowed is that he contends the listed work of J. Varner and J. Roberts is clerical in nature.  Work that is purely clerical in nature is not compensable hours, regardless of who performs them.  See Reyes v. Falling Star Enterprises, Inc., 2006 WL 2927553, *5 (M.D. Fla. October 16, 2006)(citations omitted).  Smith lists the following time entries which he contends encompass non-compensable clerical work (Doc. No. 137):[9]

---

[8]$16,490.00-$5,806.00 (Westlaw/Lexis Fees) = $10,684.00.

[9]Some entries group non-compensable clerical work with compensable substantive work.

| | | | | | |
|---|---|---|---|---|---|
| J. Varner | 11/17/05 | Review and organize Plaintiff's production. | $125.00 | 1.00 | $125.00 |
| J. Varner | 11/19/05 | Review and organize Plaintiff's production; Create index re: same. | $125.00 | 3.00 | $375.00 |
| J. Varner | 11/22/05 | Review and organize Plaintiff's production; Edit index re: same; Prepare memorandum to E. Matheney re: discovery. | $125.00 | 5.00 | $625.00 |
| J. Varner | 11/23/05 | Review and organize Plaintiff's production; Create index re: same; Meeting with E. Matheney re: same. | $125.00 | 2.50 | $312.50 |
| J. Varner | 11/27/05 | Review and organize Plaintiff's production; Create index of the same. | $125.00 | 3.00 | $375.00 |
| J. Varner | 11/28/05 | Receive and review selected pleadings from 1989 case in US DistrictCourt; Meeting with project assistant J. Roberts, to discuss organization of the same; Meeting with E. Matheney to discuss Pre-Trial Statement; Review Plaintiff's production and create index re: same. | $125.00 | 7.00 | $875.00 |
| J. Roberts | 11/29/05 | Prepare Key Pleadings binder with pleadings from SEC case. | $75.00 | 2.00 | $150.00 |
| J. Varner | 11/29/05 | Continued review of Plaintiff's production and create index of same. | $125.00 | 5.00 | $625.00 |
| J. Varner | 11/30/05 | Review organization of selected pleadings; E-mail to D. Fitzgerald re: same; Continued review of Plaintiff's production and create index re: same. | $125.00 | 6.00 | $750.00 |

| | | | | | |
|---|---|---|---|---|---|
| J. Varner | 12/1/05 | Continued review of Plaintiff's production; Create index re: same; Received additional pleadings from 1989 DC case; Process the same. | $125.00 | 4.50 | $562.50 |
| J. Roberts | 12/1/05 | Prepare labels [sic] for selected pleadings binders. | $75.00 | .40 | $30.00 |
| J. Roberts | 11/30/05 | Continue to organize binders with selected pleadings. | $75.00 | 2.90 | $217.50 |

In the itemized list, Smith also objects to the billing entries of E. Matheney which pertain to travel to and from Washington D.C. for a deposition and travel to a status hearing in front of Magistrate Judge Mary S. Scriven.

 Smith concludes his affidavit by summarily stating that "[a]fter adjusting the number of hours and deducting unreasonable amounts from the billing statement, the fees in this case would be in the range of $102,000 to $117,000"(Doc. No. 137, ¶12).  It is impossible for this Court to determine how exactly Smith arrived at this range of fees which represents approximately a 65% reduction in fees.

 In reviewing petitions for attorneys' fees, the court exercises its discretion in determining what constitutes reasonable hours.  Counsel for Defendants have block-billed in numerous entries. Block-billing makes it very difficult for a court to determine the specific amount of time spent by an attorney or a paralegal on each task.  Additionally, Defendants utilized the services of four shareholders, four associates, seven paralegals, and two law clerks[10] in the defense of this matter. This Court has carefully reviewed Defendants' submitted billing statements and concludes that some reductions are in order.  The basis for these adjustments is the Court's conclusion that some

---

[10]D. Luikart apparently later became an associate attorney with Defendants' counsel.

work was duplicative of that performed by others, unnecessary, unreasonable to be billed in the exercise of good billing judgment, or otherwise was inadequately documented to permit the Court to consider the appropriateness of the work. This Court is aware that a firm may be compensated for work performed by separate attorneys on the case so long as the attorneys' efforts are not unreasonably duplicative. See Schafler v. Fairway Park Condo. Ass'n., 324 F. Supp. 2d 1302, 1314 (S.D. Fla. 2004). However, given the voluminous nature of the submitted billing entries, and the number of attorneys and paralegals who worked on the case, this Court cannot determine whether the records reflect collaborative effort on research and drafting or duplicative work and billing. In drawing these conclusions, the Court in no way denigrates the legal representation provided by Defendants' counsel. Defendants were well-served by this firm. Furthermore, the majority of counsels' time appears to be properly claimed.

While the Court has not found binding precedent supporting an across-the-board approach to reducing fees to a reasonable level in a legal malpractice context, such across-the-board reductions have been found appropriate in other cases.[11]  Given the unique nature of this case, and the circumstances surrounding its litigation, it is the finding of this Court that Defendants' fee request should be reduced by 25%. This reduction assuages any concerns regarding excessive hours expended due to overstaffing and/or Plaintiff's cited concerns regarding Defendants' billing for non-compensable clerical work.

---

[11]See St. Fleur v. City of Fort Lauderdale, 149 Fed. Appx. 849 (11th Cir. 2005)(reduction of total hours by 30% in discrimination case not an abuse of discretion); Scelta, 203 F. Supp. 2d at 1335-36 (elimination of time spent on non-compensable issues could be handled by making percent reduction of total time billed where it could not be determined from time entries which specific hours should be excluded); Gundlach v. Nat'l Ass'n for Advancement of Colored People, Inc., 2005 WL 2012738 (M.D. Fla. August 16, 2005)(breach of contract case where court utilized 30 percentage reduction due to use of block billing); United Food Mart, Inc. v. Motiva Enterprises, LLC, 2006 WL 3068820, *5 (S.D. Fla. February 6, 2006).

In considering the reasonableness of the fees requested, the Court has also considered the factors set for in § 768.79(7)(b).[12]  After considering these factors, the Court finds that an award of $233,158.97 in attorneys' fees is reasonable and appropriate.  This amount reflects Defendants' requested $310,878.50 less $77,719.63.

### B.   Entitlement to Interest From March 20, 2007

Defendants, citing Quality Engineered Installation, Inc. v. Higley South, Inc., 670 So.2d 939, 930-31 (Fla. 1996), argue they are entitled to recover interest that has accrued since this Court's March 20, 2007 Order which determined they were entitled to attorneys' fees.  Plaintiff did not address whether Defendants are entitled to interest.  The Supreme Court of Florida has determined that "interest accrues from the date the entitlement to attorney fees is fixed through agreement, arbitration award, or court determination, even though the amount of the award has not yet been determined."  See id.  As such, this Court finds that Defendants' are entitled to recover interest on $233,158.07 that has accrued since March 20, 2007.

### III.   Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Second Amended Motion for Attorneys' Fees (Doc. No. 133) is **GRANTED** to the extent that Defendants are awarded $233,158.97 in attorneys' fees, plus interest that has accrued since March 20, 2007.

---

[12]Florida Statute § 768.79(7)(b) provides the following factors for the court to consider:
1. The then apparent merit or lack of merit in the claim.
2. The number and nature of offers made by the parties.
3. The closeness of questions of fact and law at issue.
4. Whether the person making the offer had unreasonably refused to furnish information necessary to evaluate the reasonableness of such offer.
5. Whether the suit was in the nature of a test case presenting questions of far-reaching importance affecting nonparties.
6. The amount of the additional delay cost and expense that the person making the offer reasonably would be expected to incur if the litigation should be prolonged.

**DONE AND ORDERED** at Tampa, Florida, this 1st day of June, 2007.

/s/ Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel