UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRI L. STEFFEN,

    Plaintiff,

v.                                                  Case No. 8:04-cv-1693-T-24 MSS

AKERMAN, SENTERFITT & EDISON, P.A. and
MICHAEL I. GOLDBERG,

    Defendants.
_____/

## ORDER

This cause comes before the Court on Defendants' motion for attorneys' fees. (Doc. 148.)

## BACKGROUND

Plaintiff filed this suit against Defendants for legal malpractice based on Defendants' representation in Plaintiff's efforts to unfreeze her assets in the case of *SEC v. Bilzerian*, 127 F. Supp. 2d 232 (D.D.C. 2000). Defendants twice offered to settle the instant suit, but Plaintiff refused. Later, summary judgment was granted in favor of Defendants. (Doc. 101.) Plaintiff appealed the summary judgment order to the Eleventh Circuit, and the Eleventh Circuit affirmed the district court's judgment ("first appeal"). (Doc. 120.) Pursuant to Florida's offer of judgment rule, Defendants sought (Doc. 133) and received (Doc. 138) an award for attorneys' fees associated with the defense of their case for the period after the Plaintiff refused their settlement offer, including fees associated with the first appeal. The Trustee of Plaintiff's estate then appealed the attorneys' fee award ("second appeal") (Doc. 139), and the Eleventh Circuit affirmed, holding that this Court properly applied Florida's offer of judgment rule to the bankruptcy proceeding, *Menchise v. Akerman Senterfitt,* 532 F.3d 1146, 1150 (11th Cir. 2008).

Defendants now request attorneys' fees associated with the second appeal.

## **DISCUSSION**

ENTITLEMENT. Defendants move for attorneys' fees and costs pursuant to Florida's offer of judgment statute, § 768.79, which provides: "In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorneys' fees incurred by her or him . . . from the date of filing of the offer if the judgment is one of no liability." Fla. Stat. § 768.79(1). The statute applies to federal bankruptcy proceedings in this state. *Menchise,* 532 F.3d 1146. It applies to appeals as well. *See Motter Roofing, Inc. v. Leibowitz*, 833 So. 2d 788 (Fla. 3d. DCA 2002). The award also extends to fees generated in litigating the entitlement to attorneys' fees. *McMahan v. Toto*, 311 F.3d 1077, 1085 (11th Cir. 2002). However, the statute is inapplicable to fees generated in litigating the amount of attorneys' fees to which one is entitled. *Id.*

Because the appeal that generated the fees being claimed was based on whether Defendants were eligible for any attorneys' fees under Florida's offer of judgment statute in a federal bankruptcy proceeding—rather than the amount of fees to which they were entitled—Defendants are entitled to attorneys' fees associated with the second appeal.

REASONABLENESS. In determining a reasonable attorneys' fee award, the Court utilizes the lodestar method, which considers the number of hours reasonably billed multiplied by a reasonable hourly rate. *Pinchinat v. Graco Children's Prods, Inc.*, 2005 WL 1459409, at *1 (M.D. Fla. June 20, 2005).

Defendants have submitted their attorney billing records, showing that Hill Ward &

2

Henderson partner and legal practitioner of 18 years, Marie A. Borland, spent 117.4 hours working on the second appeal for this case and that she charged an hourly rate of $310 for that work. This totals $36,886 in attorneys' fees. The records also show that J. Scott Slater, an associate at Hill Ward & Henderson and a legal practitioner with four years of private practice experience, worked for 12.3 hours on the case and charged an hourly rate of $205, for a total of $2,523 in attorneys' fees. The total fees generated between both attorneys, therefore, were approximately $39,409. Ms. Borland submitted an affidavit verifying the time stated in the billing records and the billing rates charged. In addition, William F. Jung, a Florida attorney specializing in litigation, reviewed the billing records, the case materials, and the relevant case law as well as interviewed two time keepers in the matter, and has averred that the hours stated were reasonable and that the rates charged were below market rates. Further, he notes that Defendants have not sought compensation for the time of two Hill Ward & Henderson partners who worked on the case.

The Court has reviewed the records and found that the hours stated and the rates charged were reasonable.

## **CONCLUSION**

Accordingly, it is ORDERED AND ADJUDGED that Defendant's motion for attorneys' fees and costs (Doc. 148) is GRANTED. The cost hereby awards attorneys' fees in the amount of $39, 409.

**DONE AND ORDERED** at Tampa, Florida, this 24th day of April, 2009.

*[Signature: Susan C. Bucklew]*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record